■ In the Matter of the Claim of ANNA SELLETT, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 2, 1968, which determined that claimant willfully made a false statement to obtain benefits, imposed a penalty of 24 effective days in reduction of future benefits and ruled that claimant was overpaid in the amount of $185, to be recoverable. Claimant, a switchboard operator, filed for benefits effective January 10, 1967 and received 12 benefit checks through the week ending April 12, 1967. On March 7, 1967 claimant was referred to a job which she refused because the salary of $75 per week was too low and the job required bookkeeping. The salary offered compared with the prevailing wage in the area. On March 15, 1967 she reported to the local unemployment insurance office. On a form which she was given to complete, claimant answered " no " to the question " Have you refused any work since filing your claim? " The board determined that claimant's certification that she had not refused any offer of employment was false and willfully made. Claimant testified before the board that she answered " no " since she had been advised by the local representative that, under the circumstances of her case, she had not refused a job, but in contrast thereto, at the hearing before the Referee, she testified that she talked to the local representative and told him about the job referral and said " Is that refusing the job or what? He didn't say anything about it. * * * so I signed 'no'". At an interview on April 19, 1967 concerning the " no " answer, claimant signed a summary in which she stated " I made a mistake when I answered 'no' to question #6 on form L0343." The local representative testified that he had no recollection of his conversation with her other than his written notes. The factual issue was determined against claimant with the board refusing to give credence to claimant's contention that she had been misled by the local representative. This issue was within the exclusive province of the board and, there being substantial evidence in the entire record to support the determination, it may not be disturbed. (Matter of Schonwald [Catherwood], 25 A D 2d 461; Matter of Marder [Catherwood], 16 A D 2d 303; Labor Law, §§ 594, 597, subd. 4.) Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by the court.